UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY MACIAS GO,<br><br>                          Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                          Defendant. | Case No. 17cv0903-JAH (BGS)<br><br>**ORDER DENYING PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT (Doc. No. 18) AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT (Doc. No. 22)** |

## INTRODUCTION

Plaintiff Jimmy Macias Go ("Plaintiff"), through counsel, filed this action pursuant to 42 U.S.C. 405(g) of the Social Security Act ("the Act"), to obtain judicial review of a "final decision" of the Commissioner of the Social Security Administration ("Defendant") denying Plaintiff's claim for Disability Insurance Benefits under the Act. See Doc. No. 1. Plaintiff filed an amended motion for summary judgment and Defendant filed a cross-motion for summary judgment and opposition to Plaintiff's motion for summary judgment. See Doc. Nos. 22, 23. After a thorough review of the pleadings and exhibits filed by the parties along with the entire record submitted in this matter, and for the reasons set forth below, the Court **DENIES** Plaintiff's amended motion for summary judgment (Doc. No. 18) and **GRANTS** Defendant's cross-motion for summary judgment (Doc. No. 22).

1

## FACTUAL BACKGROUND

Plaintiff, who was born on May 13, 1955, is currently 63 years of age. AR[1] at 44. Plaintiff has past relevant work experience as a respiratory therapist, buffet waiter, and payroll clerk. AR at 34. Plaintiff alleges that he has been disabled since July 23, 2015 and suffers from prostate cancer, severe coronary artery disease status post-catheterization, and side effects from various medications. AR at 43-44.

On August 10, 2015, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, alleging a disability onset of July 23, 2015. AR at 21. The Defendant initially denied Plaintiff's claims on September 1, 2015 and again on November 25, 2015. Id. On December 24, 2016 the Plaintiff filed a written request for a hearing in front of a United States Administrative Law Judge ("ALJ"). Id. On June 6, 2016, with his attorney present, the Plaintiff appeared and testified at the hearing. AR at 40-41. Mary Jesko, a vocational expert, also appeared at the hearing. AR at 40. The ALJ denied benefits in a written decision dated September 22, 2016. AR at 18.

Plaintiff filed a request for review of the hearing decision before the Appeals Council, and on March 7, 2017, the Appeals Council denied Plaintiff's request for review. AR at 2.

## PROCEDURAL BACKGROUND

Plaintiff filed the instant complaint on May 4, 2017. See Doc. No. 1. Defendant filed an answer on May 21, 2018. See Doc. No. 11. On September 21, 2018, Plaintiff filed an amended motion for summary judgment seeking reversal or remand of the Defendant's administrative decision. See Doc. No. 18. Defendant filed a cross-motion for summary judgment on and opposition to Plaintiff's motion on October 25, 2018. See Doc. Nos. 22, 23.

//

---

[1] AR refers to the administrative record lodged with this Court.

2

//

# DICUSSION

## I. Legal Standards

### A. Qualifying for Disability Benefits

To qualify for disability benefits under the Act, an applicant must show that: (1) he suffers from a medically determinable impairment that can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months; and (2) the impairment renders the applicant incapable of performing the work that he previously performed or any other substantially gainful employment that exists in the national economy. See 42 U.S.C. § 423(d)(1)(A), 2(A). An applicant must meet both requirements to be "disabled." Id.

The Secretary of the Social Security Administration has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines whether the claimant is engaged in "substantial gainful activity." If he is, disability benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments.

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the impairment is severe, the evaluation proceeds to the third step, which determines whether the impairment is equivalent to one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d); 20 C.F.R. Part 404 Appendix 1 to Subpart P. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If a condition "falls short of the [listing] criterion" a multiple factor analysis is appropriate. Celaya v. Halter, 332 F.3d 1177, 1181 (9th Cir. 2003). Of such analysis, "the Secretary shall consider the combined effect of all the individual's impairments without regard to whether any such

3

impairment, if considered separately, would be of such severity." Id. at 1182 (quoting 42 U.S.C. § 423(d)(2)(B)).

If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he has performed in the past. If the claimant cannot perform his previous work, the fifth and final step of the process determines whether he is able to perform other work in the national economy considering his age, education, and work experience. The claimant is entitled to disability benefits only if he is not able to perform other work. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

### B. Judicial Review of an ALJ's Decision

Section 405(g) of the Act allows unsuccessful applicants to seek judicial review of a final agency decision of the Commissioner. 42 U.S.C. § 405(g). The scope of judicial review is limited. The Commissioner's denial of benefits "will be disturbed only if it is not supported by substantial evidence or is based on legal error." Brawner v. Secretary of Health and Human Servs., 839 F.2d 432, 433 (9th Cir. 1988) (citing Green v. Heckler, 803 F.2d 528, 529 (9th Cir. 1986)).

Substantial evidence means "more than a mere scintilla" but less than a preponderance. Sandgathe v. Charter, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). "[I]t is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). The Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusions. Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988) (citing Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985)). If the evidence supports more than one rational interpretation, the Court must uphold the ALJ's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) (citing Allen v. Secretary of Health and Human Servs., 726 F.2d 1470, 1473 (9th Cir. 1984). When the evidence is inconclusive, "questions of credibility and resolution of

4

conflicts in the testimony are functions solely of the Secretary." Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

However, even if the reviewing court finds that substantial evidence supports the ALJ's conclusions, the Court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching a decision. See Benitez v. Califano, 573 F.2d 653, 655 (9th Cir. 1978). Section 405(g) permits a court to enter a judgment affirming, modifying, or reversing the Commissioner's decision. 42 U.S.C. § 405(g). The reviewing court may also remand the matter to the Social Security Administrator for further proceedings. Id. "If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990) (quoting Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981)).

### C. ALJ's Reliance on The Vocational Expert

The Secretary routinely relies on resources such as the *Dictionary of Occupational Titles*, U.S. Dep't of Labor (4th ed. 1977) ("DOT"), as well as the *Selected Characteristics of Occupations Defined in the Dictionary of Occupational Titles*, U.S. Dep't of Labor (1981) (Selected Characteristics). Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990). The Secretary generally trusts these publications in evaluating whether a claimant is able to perform other work in the national economy. See Villa v. Heckler, 797 F.2d 794, 798 (9th Cir. 1986); See also 20 C.F.R. §§ 404.1568, 404.1569. Social Security Ruling ("SSR") 00-4p3 provides that "[w]hen a [vocational expert]...provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that [vocational expert]...evidence and information provided in the [DOT]." SSR 00-4p requires that an adjudicator ask the vocational expert "if the evidence he or she has provided" is consistent with the DOT and obtain a reasonable explanation for any apparent conflict. Error could result when an ALJ accepts a vocational expert's testimony which deviates from the DOT without acknowledging and offering a basis for that deviation. Light v. Soc. Sec. Admin., 119, 793-794 (9th Cir. 1997). Yet no

5

error results where the ALJ asks the vocational expert to identify any conflicts between testimony and the DOT, the expert identifies none, and the claimant's attorney does not challenge the expert's testimonial representations during cross-examination. Wentz v, Commissioner Soc. Sec. Admin., 401 Fed.Appx. 189, 191 (9th Cir. 2010) (concluding "the ALJ met his obligations under Massachi and SSR 00-4p to investigate potential conflicts with the DOT").

## II.     The ALJ's Decision

In the present case, the ALJ found that Plaintiff was not disabled, from July 23, 2015, as defined by the Social Security Act. AR at 25. The ALJ first found that no evidence was offered indicating Plaintiff engaged in substantial gainful activity since July 23, 2015. AR at 23. In reliance on the record evidence, the ALJ found Plaintiff suffered from the following severe impairments: "coronary artery disease; congestive heart failure (mild); prostate cancer; and status-post acute cerebrovascular accident (20 CFR 404.1520(c))." Id. However, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets the standards set in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404. 1525, 404.1526, 416.920(d), 416.925, and 416.926). AR at 25.

Despite finding that Plaintiff retained a residual functional capacity to perform skilled light work, the ALJ found that Plaintiff could not lift/carry 5-10 pounds on more than an occasional basis. AR at 26. In addition, the ALJ found Plaintiff could not stand, walk, or sit for more than 30 minutes at a time and no more 6 hours total in an 8 hour workday. Id. In addition, the ALJ found Plaintiff could not stoop, bend, twist, or squat. Id. Further, the ALJ found that Plaintiff could not ascend or descend a full flight or stairs, overhead lift or reach, and frequently handle objects. Id. The ALJ also found that Plaintiff should be limited to working in an area where Plaintiff can take frequent bathroom breaks. Id.

The ALJ concluded, however, light skilled work that did not require the aforementioned demands was suitable for the Plaintiff. Id. Plaintiff was found to have

6

past relevant work history as a respiratory therapist, buffet waiter, and payroll clerk. AR at 34.

At Plaintiff's hearing on June 6, 2016, the ALJ examined Mary Jesko, a vocational expert. AR at 70. The vocational expert classified Plaintiff's past work experience as "semi-skilled" and "light." AR at 70-71. In addition, the ALJ examined Dr. Jesko with regard to the scope of Plaintiff's employment options despite Plaintiff's limitations. AR at 71-76. The ALJ posed various hypotheticals assessing jobs Plaintiff could perform with his restrictions. Dr. Jesko stated that Plaintiff was able to perform the job duties of his past relevant work as a payroll clerk. AR at 71. Dr. Jesko stated that there were approximately 176,000 such jobs available in the U.S. economy with 52,000 of them being suitable for Plaintiff's situation. AR at 73-75.

At the hearing, Plaintiff described a variety of physical and mental impairments and related symptoms. AR at 45-50. These primarily included difficulty controlling his bladder, physical weakness, fatigue, and depression. Id. The ALJ went on to note inconsistencies she found between Plaintiff's medical records and Plaintiff's testimony.

In their decision, the ALJ determined that the vocational expert's testimony is consistent with the information contained in the DOT. AR at 34. In addition, the ALJ concluded, based on Dr. Jesko's testimony, the Plaintiff is capable of making a successful adjustment to work that exists in significant numbers in the national economy. Id. The ALJ determined that Plaintiff was not disabled. AR at 35.

**III. Analysis**

Plaintiff seeks reversal or remand on the instant matter on the grounds that the vocational expert's testimony deviated from the DOT without stating a persuasive basis for doing so. See Doc. No. 18-1 at pg. 5. Defendant cross-moves for summary judgment, contending that (1) there was no conflict between the vocational expert's testimony and the DOT; and (2) notwithstanding any conflict, the ALJ properly resolved it by satisfying the SSR 00-4p requirements as no apparent conflicts existed. See Doc. No. 22-1 at pgs. 3-5.

In order to be accurate, an ALJ's hypothetical to a vocational expert must set out all of the impairments. Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984) (citing Baugus v. Sec'y, 717 F.2d 443, 447 (8th Cir. 1983)). The ALJ's depiction of the claimant's limitations set out in the hypothetical must be "accurate, detailed, and supported by the medical record." Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999). If the assumptions included in the hypothetical are not supported by the record, the vocational expert's opinion that a claimant can work does not have evidentiary value. Gallant, 753 F.2d at 1456.

Plaintiff's contentions rest on a premise that the ALJ erred as a matter of law because the evidence does not support the determination that Plaintiff is able to assume the role of a payroll clerk as generally performed in the national economy. Doc. No. 18-1 at pg. 9.

In their decision, the ALJ concluded that while Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," the statements Plaintiff gave "concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." AR at 28. The ALJ concluded that while Plaintiff complained about severe side effects from medication, "his examining physician also assessed him as alert and oriented with intact remote memory and fund of knowledge," and possessing "the ability to follow simple motor commands…." AR at 25. The ALJ also concluded that Plaintiff's records do not indicate any signs of depressions, shoulder impairment, or diminished motor strength. Id. Based on the foregoing reasons, the ALJ determined that Plaintiff was "not disabled." AR at 35. The Court finds that the record does not reflect many of Plaintiff's assertions. In addition, the Court recognizes that "questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary." Sample, 694 F.2d at 642. The Court finds that the evidence in the record supports the ALJ's determination.

The Court also finds that the ALJ properly applied the evidence in reaching its conclusion. In making its determination, the ALJ matched Plaintiff's residual functional capacity, an ability to perform skilled light work, with 52,000 suitable payroll clerk jobs founds by the vocational expert. AR at 34. Plaintiff's only substantive objection to this

8

17cv0903-JAH (BGS)

finding has to do with how the vocational expert determined that Plaintiff can perform 52,000 out of 176,000 payroll clerk jobs. Plaintiff argues "[c]ommon sense dictates that this is clearly not how the job is generally performed in the national economy." See Doc. No. 18-1 at pg. 12. The Court is unpersuaded by this argument. The Court recognizes that if the evidence supports more than one rational interpretation, the Court must uphold the ALJ's decision. Allen, 749 F.2d 577 at 579. Accordingly, the Court accepts the ALJ's interpretation of the vocational expert's testimony and finds that the ALJ did not commit legal error.

## **CONCLUSION**

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's amended motion for summary judgment (Doc. No. 18) is **DENIED**, and Defendant's cross-motion for summary judgment (Doc. No. 22) is **GRANTED**. The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED**.

DATED: January 31, 2019

_____
JOHN A. HOUSTON
United States District Judge